## W. A. ROTH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6012.    Decided September 15, 1926.

*Shirley E. Meserve, Esq., Hewlings Mumper, Esq.,* and *W. H. Teasley, C. P. A.,* for the petitioner.
*George E. Adams, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the calendar year 1921 in the amount of $1,031.96. The error alleged is the action of the Commissioner in adding to the reported income of the petitioner the income of the petitioner's wife, which she reported separately.

FINDINGS OF FACT.

The petitioner and his wife, Edith M. Roth, are residents of and domiciled in the State of California. At or about the time of their marriage, in October, 1919, the petitioner and his wife agreed orally that they would share equally all their income and their expenses.

Prior to her marriage Mrs. Roth was employed as bookkeeper for the Los Angeles Lime Co. After her marriage she remained in the employ of that company and was so employed during and throughout the year 1921. Her salary was increased from time to time as the duties of her position increased. For the year 1921 her salary was $5,309.90, which she reported in her individual income-tax return as her separate income.

The petitioner was also employed by the Los Angeles Lime Co. during the year 1921 and in his individual income-tax return for the year he reported, among other items, the salary received from that company.

The petitioner and his wife deposited their earnings in a joint bank account which was subject to check by either of them. The household expenses were paid from this account. From time to time they invested from this account their savings. Some of the investments stood in the names of the individuals and some were held jointly. Before making investments they consulted each other concerning them.

In auditing the returns filed the Commissioner added to the income reported by the petitioner the salary of $5,309.90 reported separately by the wife.

OPINION.

ARUNDELL: The issue raised by the pleadings in this case is whether the Commissioner erred in adding to the reported income of the petitioner the salary of the petitioner's wife in the amount of $5,309.90 which she reported as her separate income. On the authority of the decision of the Board in the *Appeal of Estate of George W. Randall*, 4 B. T. A. 679, we hold that the Commissioner erred in this respect and on this point give judgment for the petitioner.

The petitioner devoted the greater part of his evidence and his brief to attempting to show that, under the oral agreement entered into with his wife about the time of their marriage, he and his wife

are each subject to tax on one-half of their joint income, and that by the agreement their incomes and property are removed from the operation of the community property laws of California. This question is not placed before us by the pleadings and it therefore becomes unnecessary to consider it.

*Order of redetermination will be entered on 15 days' notice, under Rule 50.*